## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

JASON THOMAS PIEL,          )
                                       )
                 Plaintiff,      )
        v.                    )
                                       )     No. 6:17-03027-CV-RK
COONROD, RUCH, and MILY.    )
                                       )
                 Defendants.

## ORDER

Before this Court is Plaintiff Jason Thomas Piel ("Plaintiff")'s Pro Se Motion for a Temporary Restraining Order (doc. 34) ("Motion"). Despite the title, the Motion will be construed as a motion for preliminary injunction.[1] For the following reasons, the Motion is **DENIED**.

Plaintiff argues he was discriminated against when he was punished on two different occasions for the same violation and believes he will be discriminated against without the issuance of a preliminary injunction. (*Id.*) First, Officer Tscherny observed Plaintiff stealing a non-kosher side dish in the cafeteria on September 30, 2017, and as a result, Plaintiff was placed in segregation for twenty-four hours. (*Id.*) After this incident, Captain Johnson reviewed jail security footage and determined Plaintiff consumed and traded non-kosher food items on eight occasions during the week of September 24, 2017, through September 30, 2017, violating Greene County Justice Center Rules #304 and #325.[2] (*Id.*) Captain Johnson placed Plaintiff in administrative detention for fifteen (15) days for these violations. (*Id.*)

---

[1] Pursuant to Fed. R. Civ. P. 65(b), a temporary restraining order may be issued without notice to the adverse party or its attorney and expires fourteen (14) days after issuance. Because Plaintiff seeks relief for longer than fourteen days and Defendants have received notice and an opportunity to respond to the Motion, the Court will construe the motion as a request for preliminary injunction. *See Sampson v. Murray,* 94 S. Ct. 937, 951 (1974) ("a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions"). Finally, the Court liberally construes a document filed by a pro se litigant. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) ("A document filed pro se is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers").

[2] Greene County Justice Center Rule #304 prohibits the possession of anything not authorized for retention or receipt by the inmate and not issued through regular channels. Greene County Justice Center Rule #325 prohibits giving money or anything of value from another inmate, or person without staff authorization.

"A preliminary injunction is an extraordinary remedy and the burden of establishing the propriety of an injunction is on the movant." *Roudachevski v. All-Am. Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011); *see also Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994) ("A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits."). The Eighth Circuit considers applications for preliminary injunctions based on the following factors: (1) the threat of irreparable harm to the plaintiff, (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant, (3) the probability the plaintiff will succeed on the merits, and (4) the public interest. *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). No one factor is determinative and all factors are considered together; however, the plaintiff's likelihood of success on the merits is weighted most significantly in the analysis. *Id.* at 113. Additionally, a court cannot issue an injunction against non-parties unless they are "in active concert or participation" with a party or a party's officers, agents, servants, employees, or attorneys. Fed. R. Civ. Pro. 65(d)(2).

Here, Plaintiff seeks to enjoin "officers, agents, and employees of Greene County Justice Center." Plaintiff does not allege the "officers, agents, and employees of Greene County Justice Center" acted in concert with a party to this lawsuit. Alternatively, to the extent Plaintiff is seeking an injunction against the Defendants in this case, Plaintiff does not allege any actions taken by Defendants and instead alleges actions taken by Officer Tscherny and Captain Johnson, neither of which are named as Defendants in this case. Therefore, the Court cannot enjoin these non-parties. Thus, the Motion is denied.

Even if Plaintiff's motion was not denied as outlined above, it would be denied on the merits. The Plaintiff bears the burden of establishing the necessity for a preliminary injunction, and Plaintiff has not met this burden. *Baker v. Electric Co-op, Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994). The central issue is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Dataphase Systems Inc.*, 640 F.2d at 113. *See White v. Nix,* 7 F.3d 120, 121 (8th Cir. 1993) (an inmate does not have a constitutional right to remain in general prison population); *Clark v. Browers,* 2005 WL 1926088, *3 (E.D. Mo. Aug. 10, 2005) (an inmate's motion for a temporary restraining order was denied because the inmate "does not have a right to

be held in the institution of his choosing").  Here, after considering the above factors, the balance of equities does not require the Court to intervene.

### Conclusion

Accordingly, Plaintiff's Motion (doc. 34) construed as a motion for preliminary injunction is **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  December 14, 2017