# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JASON THOMAS PIEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:17-03027-CV-RK |
| | ) |
| COONROD, CAPTAIN; et al. | ) |
| | ) |
| Defendants. | ) |

## ORDER

On March 27, 2019, Defendants filed Suggestions of Death of Plaintiff stating that Plaintiff's brother, James H. Piel, is his next of kin. (Doc. 51.) Defendants also filed a certificate of service by counsel and an affidavit of service by the Lake County, Illinois Sheriff's Office stating that the Suggestions of Death were personally served on James H. Piel on March 7, 2019. (Doc. 50; Doc. 52.) Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that, when the plaintiff has died and the claim is not extinguished, the action must be dismissed if a motion to substitute the plaintiff is not made within 90 days after proper service of a statement noting death. Ninety days have passed since Defendants filed the Suggestions of Death.

Defendants argue that this action may be dismissed without serving suggestions of death on the personal representative of Plaintiff's estate, but they cite competing case law from other jurisdictions on the issue. *Compare Inglis v. Buena Vista Univ.*, 235 F. Supp. 2d 1009, 1030 (N.D. Iowa 2002) (not enough to serve suggestions of death on the decedent's prior counsel; serving the personal representative is required), *with Chobot v. Powers*, 169 F.R.D. 263, 266-67 (W.D.N.Y. 1996) (sufficient to mail suggestions of death to the decedent's last known address; serving the personal representative is not required). Defendants also cite *Jones v. Prison Health Services*, which states that "the majority of courts have held that where a defendant's counsel files a notice of death for a deceased plaintiff, counsel must serve the decedent's successor or representative or, at minimum, undertake a good faith effort to identify an appropriate representative." No. 11-12134, 2014 WL 117326, at *2 (E.D. Mich. Jan. 13, 2014) (cleaned up). It appears the Eighth Circuit has not addressed this issue. *See Kaubisch v. Weber*, 408 F.3d 540, 543 (8th Cir. 2005) (serving the decedent's prior counsel might be enough in represented cases).

This Court agrees with the majority approach, at least in cases like this in which the decedent was pro se and in custody.

Here, Defendants did not comply with the good faith requirement set forth in *Jones*. Their Suggestions of Death state that jail staff attempted to contact Plaintiff's family members shortly after he died; that only James H. Piel responded; and that James contacted the jail to retrieve Plaintiff's personal effects. However, Defendants themselves did not "undertake a good faith effort to identify an appropriate representative" for purposes of giving notice of this lawsuit and serving the suggestions of death.

Accordingly, the Court **ORDERS** Defendant to undertake a good faith effort to identify an appropriate representative and, by July 26, 2019, either file a status report with this Court or, if an appropriate representative other than James H. Piel has been identified, file and serve Amended Suggestions of Death.

**IT IS SO ORDERED**.

                                                s/ Roseann A. Ketchmark
                                                ROSEANN A. KETCHMARK, JUDGE
                                                UNITED STATES DISTRICT COURT

DATED: June 26, 2019