# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JASON THOMAS PIEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:17-03027-CV-RK |
| | ) |
| COONROD, CAPTAIN; et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER OF DISMISSAL

Before the Court is Defendants' Report Regarding Notice for Suggestions of Death ("Report"). (Doc. 54.) The Plaintiff in this case, who was proceeding pro se, died while in state custody. Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that, when the plaintiff has died, and the claim is not extinguished, the action must be dismissed if a motion to substitute the plaintiff is not made within 90 days after proper service of a statement noting death. "[T]he majority of courts have held that where a defendant's counsel files a notice of death for a deceased plaintiff, counsel must serve the decedent's successor or representative or, at minimum, undertake a good faith effort to identify an appropriate representative." *Jones v. Prison Health Servs.*, No. 11-12134, 2014 WL 117326, at *2 (E.D. Mich. Jan. 13, 2014) (cleaned up). This Court has determined to follow the majority approach in cases like this, in which the decedent was pro se and in custody. (*See* Doc. 53.)

On March 7, 2019, Defendants personally served suggestions of Plaintiff's death on his brother, James H. Piel. (Doc. 50-1 at 2.) Jail staff had contacted Plaintiff's brother about retrieving Plaintiff's belongings, but it seemed to the Court that Defendants had not undertaken the required good faith effort to determine whether Plaintiff's brother was an appropriate representative for purposes of giving notice of this lawsuit and serving the suggestions of death. Accordingly, on June 26, 2019, this Court ordered Defendants to undertake a good faith effort to identify an appropriate representative. (Doc. 53.)

According to the Report, Defendants subsequently contacted Plaintiff's brother, sister, and mother, all of whom confirmed that they are aware of this action and do not wish to pursue it. (Doc. 54; Doc. 54-1; Doc. 54-2; Doc. 54-3; Doc. 54-4.) Plaintiff's mother was unwilling to provide Defendants with contact information for Plaintiff's ex-wife and children, whom she stated had

been estranged from Plaintiff for approximately 14 years.  However, Plaintiff's mother agreed on July 8, 2019, to provide counsel's contact information to Plaintiff's ex-wife and children.  The Report states that Defendants have not received any further communications.

After careful consideration of the record and the Report, the Court concludes that Defendants have made a reasonable effort to identify an appropriate representative and that serving the Suggestions of Death on Plaintiff's brother was sufficient to comply with the service requirements of Rule 25(a).  More than 90 days have passed since the suggestions of death were served.  Accordingly, this case is **DISMISSED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  July 29, 2019